OPINION
Plaintiff-appellant M. Wayne Forsyth appeals from an order of the trial court dismissing his complaint to set aside, and to enjoin the enforcement of, a judgment and decree of divorce entered by another division of the trial court. Forsyth contends that the trial court erred by concluding that it did not have authority to grant the relief requested. We conclude that all of the matters raised by Forsyth as alleged errors or irregularities in the proceedings leading to the prior judgment and decree of divorce would, at most, make that judgment voidable, but not void. Therefore, we agree with the trial court that it lacked authority to grant Forsyth relief from the judgment.
 I
In September, 1995, defendant-appellee Pauline Hall obtained a judgment and decree of divorce against Forsyth. Hall alleged the existence of a common-law marital relationship between the parties. Forsyth vigorously contested the existence of the common-law marriage. The Montgomery County Court of Common Pleas, Domestic Relations Division, following a trial, concluded that a common-law marriage existed, and awarded Hall the divorce.
Forsyth has sought, unsuccessfully, relief from that judgment by appeal, and by a motion for relief from judgment, pursuant to Civ. R. 60(B). Since then, Forsyth has been unwilling to accept the finality of the judgment rendered against him. Although this court can sympathize with Forsyth's belief, undoubtedly sincere, that there was no common-law marriage between the parties, the fact remains that that issue has been resolved adversely to him, and all litigation must eventually come to an end.
Forsyth has made a number of attempts to avoid the judgment and decree of divorce rendered against him. The attempt resulting in this appeal is a "Complaint to Vacate Void Judgment with Jury Demand," filed August 16, 1999. Forsyth subsequently sought an "emergency injunction" enjoining enforcement of the judgment and decree of divorce. The trial court dismissed this cause of action, holding as follows:
 In this matter, this court does not possess authority to intervene with the proceedings in the Domestic Relations Court. The Domestic Relations Court has jurisdiction over the proceedings stated in Plaintiff's filing. Accordingly, if the Plaintiff wants to overrule the decision of the Domestic Relations Court, he must appeal it to the Court of Appeals. The case must be dismissed for the reason that this court lacks jurisdiction over this matter.
From the order dismissing his complaint, Forsyth appeals.
 II
Forsyth's assignments of error are as follows:
FIRST ASSIGNMENT OF ERROR
DOES ANY COURT HAVE INHERENT POWER TO VACATE A VOID JUDGMENT?
SECOND ASSIGNMENT OF ERROR
 IS IT A VIOLATION OF THE FOURTEENTH AMENDMENT, EQUAL PROTECTION CLAUSE, OF THE CONSTITUTION OF THE UNITED STATES TO NOT TAKE JURISDICTION OF A CAUSE OF ACTION FILED IN COMMON LAW TO VACATE A VOID JUDGMENT?
 THIRD ASSIGNMENT OF ERROR
 IS IT A VIOLATION OF THE OHIO CONSTITUTION I, SECTION 16, FOR A TRIAL COURT TO REFUSE JURISDICTION OF A CAUSE OF ACTION AT COMMON LAW FOR AN INJURY DONE TO A PERSON IN HIS LANDS, GOODS, PERSON, OR REPUTATION?
 FOURTH ASSIGNMENT OF ERROR
 IS IT AN ABUSE OF DISCRETION FOR ANY PARALLEL OR HIGHER COURT TO DENY IT HAS THE AUTHORITY TO VACATE A VOID JUDGMENT WHEN SO PETITIONED BY COMMON LAW?
 Although he has set forth four assignments of error, there is but a single error of which Forsyth complains; that is, Forsyth contends that the trial court erred when it dismissed his complaint.
We have reviewed Forsyth's complaint, and we find that it sets forth numerous alleged legal errors and procedural irregularities in the proceedings in the Domestic Relations Division leading up to the judgment and decree of divorce. Some of these are alleged to be of constitutional dimension. Nowhere in Forsyth's complaint, however, does Forsyth allege any facts to show that the Domestic Relations Division lacked subject matter jurisdiction over Hall's complaint for divorce. Accordingly, all of the errors and irregularities that Forsyth alleges to have occurred in the proceedings in the Domestic Relations Division would, at most, render its judgment and decree of divorce voidable, but not void.
Although a void judgment may be subject to collateral attack, a judgment that is merely voidable is not. A legally or procedurally erroneous judgment is subject to direct appeal. R.C.2505.03(A). Article IV, Section 3(B)(2), Ohio Constitution. Additionally, under certain circumstances, a litigant may be entitled to relief from a judgment pursuant to Civ. R. 60, but an application for relief thereunder must be made to the trial court that rendered the judgment from which relief is sought. Forsyth has, of course, unsuccessfully pursued both a direct appeal and a motion for relief from judgment.
Because the complaint in the case before us constitutes a collateral attack upon a judgment that is, at most, voidable, but not void, the trial court properly dismissed it. All of Forsyth's assignments of error are overruled.
 III
All of Forsyth's assignments of error having been overruled, the judgment of the trial court is Affirmed.
WOLFF and YOUNG, JJ., concur.